UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL W. HALL,

                Plaintiff,

      v.

CAROLYN COLVIN,

                Defendant.

CASE NO. C13-1679JLR

ORDER ADOPTING REPORT
AND RECOMMENDATION

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R")
of United States Magistrate Judge John L. Weinberg (R&R (Dkt. # 17)), and Plaintiff
Michael Hall's objections thereto (Objections (Dkt. # 18)).  Having carefully reviewed all
of the foregoing, along with all other relevant documents and the governing law, the court
ADOPTS the Report and Recommendation (Dkt. # 17), AFFIRMS the decision of the

ORDER- 1

1  Administrative Law Judge ("ALJ"), and DISMISSES Mr. Hall's complaint with

2  prejudice.

3                    **II.    BACKGROUND**

4          Mr. Hall is a 40-year-old male who applied for and was denied social security

5  benefits.  (R&R at 1-2.)  He suffers from lower back injury, depression, bipolar disorder,

6  anxiety, and anger, and has had at least one stroke.  (*Id.* at 1.)  He has not worked since

7  2008, but his previous work experience includes working as a derrick on an oil rig and a

8  cook.  (*Id.*)  He has a GED.  (*Id.*)  He alleges that he has been disabled since 2007.  (*Id.*)

9  His initial application for social security benefits was denied.  (*Id.* at 1-2.)  In 2011, he

10 had a hearing before an ALJ to determine if he was disabled.  (*Id.* at 2.)  The ALJ

11 determined that he was not disabled and therefore not entitled to social security benefits.

12 (*Id.* (citing Administrative Record ("AR") at 11-25.)  The ALJ explained his decision in

13 a 15-page written opinion that details the ALJ's reasoning.  (AR at 11-25.)  Mr. Hall

14 appealed, but the Appeals Council affirmed the ALJ.  (*Id.*)  Mr. Hall then appealed to this

15 court.  Magistrate Judge Weinberg issued a comprehensive, 15-page R&R recommending

16 that the commissioner be affirmed, and Mr. Hall objected to that R&R.

17                    **II.    STANDARD OF REVIEW**

18         A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive

19 matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of

20 the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of

21 the court may accept, reject, or modify, in whole or in part, the findings or

22 recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court

1   reviews de novo those portions of the R&R to which specific written objection is made.

2   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The

3   statute makes it clear that the district judge must review the magistrate judge's findings

4   and recommendations de novo if objection is made, but not otherwise." *Id.*  When no

5   objections are filed, the court need not review de novo the R&R.  *Wang v. Masaitis*, 416

6   F.3d 992, 1000 n.13 (9th Cir. 2005).

7        Although review of an R&R is de novo, the court must defer to the ALJ's factual

8   findings and may set aside the Commissioner's denial of social security benefits only if

9   the ALJ's findings are based on legal error or not supported by substantial evidence in the

10  record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  In

11  this way, the court's review of the R&R is different from the court's review of the

12  underlying decision of the ALJ.  With respect to the underlying decision, the court must

13  examine the record as a whole and may not reweigh the evidence or substitute its

14  judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

15  2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and

16  resolves any other ambiguities that may exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039

17  (9th Cir. 1995).  When the evidence is susceptible to more than one rational

18  interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

19                    **III.    DISCUSSION**

20       Mr. Hall raises two categories of objections.  First, he objects to Magistrate Judge

21  Weinberg's conclusion that the ALJ properly found Mr. Hall to be not credible.

22  (Objections at 1-6.)  In doing so, he disputes many of the ALJ's conclusions, citing

1    evidence from the hearing and suggesting that the ALJ drew the wrong conclusions from

2    that evidence.  (*Id.*)  Second, he objects to the manner in which the ALJ weighed medical

3    testimony.  (*Id.* at 6-9.)  He argues that the ALJ should have given certain medical

4    testimony more weight than he did, and that he should have given other medical

5    testimony less weight than he did.  The court considers each of Mr. Hall's objections in

6    turn.

7    **A.    Credibility**

8         Magistrate Judge Weinberg's treatment of the credibility issue is thorough and

9    correct.  The court has examined the R&R in light of the record and concludes that

10   Magistrate Judge Weinberg did not err in his consideration of this issue.  As Magistrate

11   Judge Weinberg points out, an ALJ's credibility findings must be supported by specific,

12   cogent reasons.  (R&R at 5 (citing *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir.

13   2006)).)  Moreover, an ALJ must provide clear and convincing reasons for rejecting a

14   claimant's testimony about the severity of his symptoms unless there is evidence of

15   malingering.  (*Id.* (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir.

16   2007)).)  Here, as Magistrate Weinberg made clear, the ALJ undertook a "detailed

17   assessment of Plaintiff's credibility by discussing medical reports, evidence of his daily

18   activities and Plaintiff's own testimony."  (*Id.* at 6.)  Indeed, the ALJ listed eight separate

19   reasons for finding Mr. Hall's testimony not credible.[1]  (AR at 17-21.)  The ALJ's

20

21   _____

22        [1] Magistrate Judge Weinberg found that one of these eight reasons was not valid but that
     any error with respect to this reason was harmless in light of the other seven reasons.  (R&R at

1   reasons are specific, cogent, clear, and convincing.  *See Greger*, 464 F.3d at 972;

2   *Lingenfelter*, 504 F.3d at 1035-36.  Accordingly, Magistrate Judge Weinberg did not err

3   in recommending that the court affirm the ALJ.

4           Moreover, none of Mr. Hall's objections concerning credibility raise any new

5   issues that are not adequately addressed in Magistrate Judge Weinberg's R&R.  (*See*

6   Objections.)  For the most part, Mr. Hall's objections ask that the court re-weigh the

7   evidence and reach a different conclusion than the ALJ.  (*See id.* at 2-6.)  This is not

8   permitted.  *Thomas*, 278 F.3d at 954.  When the evidence is susceptible to more than one

9   rational interpretation, the court must uphold the ALJ's conclusion.  *Id.*  Mr. Hall's

10  objections also frequently suggest that the ALJ's conclusions were not supported by

11  substantial evidence, but a review of the record demonstrates that this is not true.  (*See*

12  Objections at 2-6.)  Instead, in raising his objections, Mr. Hall ignores the evidence that

13  supported the ALJ's conclusions and argues that the court should pay attention to his

14  evidence instead.  (*See id.*)  This is tantamount to re-weighing the evidence, and the court

15  is not persuaded that this is warranted in this case.  The court has independently reviewed

16  the R&R and Mr. Hall's objections thereto in light of the record and adopts this portion

17  of Magistrate Judge Weinberg's R&R for the same reasons discussed in the R&R.

18  **B.   Medical Testimony**

19          Next, Mr. Hall objects to Magistrate Judge Weinberg's treatment of three different

20  medical opinions.  As explained in more detail below, the court concludes that none of

21

22  6.)  The court agrees with Magistrate Judge Weinberg's assessment of this issue and adopts it in
full herein.

ORDER- 5

1    Mr. Hall's objections raise issues that justify reversing the ALJ or otherwise disagreeing

2    with the persuasive reasoning of Magistrate Judge Weinberg's R&R.

3        1.  Mr. Arnold

4        Mr. Hall argues that the ALJ improperly gave substantial weight to a 2011 report

5    by Greg Arnold, a mental health professional, and little weight to a 2010 report by Mr.

6    Arnold.  (Objections at 6-7.)  Once again, the court notes that it may not reweigh the

7    evidence or substitute its judgment for that of the Commissioner.  *Thomas*, 278 F.3d at

8    954.  It is the job of the ALJ, not the court, to resolve conflicts in medical testimony.

9    *Andrews*, 53 F.3d at 1039.  When the evidence is susceptible to more than one rational

10   interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

11   Here, the court cannot conclude from its review of the record that Dr. Arnold's reports

12   are susceptible to only one rational interpretation.  In other words, the ALJ did not err in

13   crediting one of the reports over the other.

14       The ALJ also supported his findings with sufficient reasons.  The ALJ was

15   required to provide "germane reasons" for discounting Mr. Arnold's testimony because

16   Mr. Arnold is a so-called "other source" mental health professional.  (R&R at 9 (citing

17   *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010)).)  In his written

18   opinion, the ALJ provided at least five such reasons.  (*Id.*)  For example, he found that

19   the 2010 opinion was inconsistent with treatment notes, was inconsistent with Plaintiff's

20   activities, and relied too heavily on Mr. Hall's subjective complaints.  (AR at 24.)  As for

21   the 2011 opinion, the ALJ found that it "more accurately reflects the longitudinal medical

22   evidence and the claimant's activities."  (*Id.*)  These are all germane reasons, and the

1    court agrees with Magistrate Judge Weinberg that the ALJ's conclusions should be

2    upheld.  In choosing one report over the other, the ALJ did nothing more than his job.

3    *See Andrews*, 53 F.3d at 1039.

4         2.  Dr. Edwards

5         Mr. Hall next argues that the ALJ erred in rejecting certain opinions of Dr.

6    Edwards.  To reject this testimony, the ALJ was required to provide specific and

7    legitimate reasons based on substantial evidence in the record.  *Valentine v. Comm'r of*

8    *Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); (*see* R&R at 11.)  The ALJ provided

9    four separate reasons for rejecting Dr. Edwards' opinion, finding her opinion inconsistent

10   with other medical evidence and too heavily reliant on Mr. Hall's subjective complaints,

11   and finding that Dr. Edwards did not have an appropriate opportunity to observe Mr.

12   Hall's symptoms.  (AR at 23.)  All of these reasons are specific, legitimate, and supported

13   by substantial evidence in the record.  *See Valentine*, 574 F.3d at 692.  Moreover, none of

14   Mr. Hall's objections raise any persuasive argument that convinces the court that the ALJ

15   in any way erred by discounting Dr. Edwards' opinions or that Magistrate Judge

16   Weinberg erred by upholding the ALJ's resolution of conflicting testimony.

17        3.  Drs. Fisher and Fligstein

18        Last, Mr. Hall argues briefly that Magistrate Judge Weinberg "erred in upholding

19   the ALJ's rejection of the opinions of Drs. Fisher and Fligstein."  (Objections at 8.)  The

20   ALJ noted that he did "generally agree" with the opinions of these doctors, but that he

21   disagreed that Mr. Hall needed "significant accommodations" in the workplace in order

22   to succeed.  (AR at 23.)  The ALJ pointed to specific and substantial evidence supporting

ORDER- 7

1   his finding (*see id.*), but Mr. Hall suggests that the court overturn that finding in support

2   of another inference that could be drawn from the available evidence (Objections at 8).

3   This is not the court's role in reviewing the ALJ's opinion.  *Thomas*, 278 F.3d at 954.

4   Because the evidence before the ALJ was susceptible to more than one rational

5   interpretation, the court must uphold the ALJ's conclusion.  *Id.*  Again, Mr. Hall has

6   failed to demonstrate error by either the ALJ or Magistrate Judge Weinberg.

7                                    **IV.    CONCLUSION**

8           In sum, none of Mr. Hall's objections raise any novel issues that were not

9   addressed by Magistrate Judge Weinberg's R&R.  Moreover, the court has thoroughly

10   examined the record before it and finds the Magistrate Judge's reasoning persuasive in

11   light of that record.  For these reasons, the court ADOPTS the Report and

12   Recommendation (Dkt. # 17) in its entirety, AFFIRMS the decision of the ALJ,

13   DISMISSES Mr. Hall's complaint with prejudice, and DIRECTS the Clerk to send copies

14   of this Order to Mr. Hall, to counsel for respondent, and to Magistrate Judge Weinberg.

15           Dated this 21st day of July, 2014.

16

17

18   _____

19   JAMES L. ROBART
     United States District Judge

20

21

22

ORDER- 8