UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL W. HALL,

          Plaintiff,

   v.

NANCY A. BERRYHILL,

          Defendant.

Case No. C13-1679JLR

**ORDER GRANTING MOTION
FOR ATTORNEYS' FEES**

## I.  INTRODUCTION

This matter is before the court on Plaintiff Michael W. Hall's motion for

attorneys' fees and costs (Dkt. # 29) pursuant to the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412.  The Ninth Circuit Court of Appeals reversed the denial of

Mr. Hall's disability benefits and remanded for further proceedings.  (9th Cir. Mem. (Dkt.

# 26) at 6.)  Mr. Hall now seeks to recover his attorneys' fees and costs incurred in

pursuing his claim before this court and the Ninth Circuit.  The Commissioner opposes

Mr. Hall's motion.  (Resp. (Dkt. # 30).)  For the reasons discussed below, the court

GRANTS the motion, with an adjustment to the costs award.

///

## II. BACKGROUND

Mr. Hall filed for disability benefits alleging a disability onset date of April 1, 2007. (R&R (Dkt. # 17) at 1.) On October 11, 2011, an administrative law judge ("ALJ") conducted a hearing to review Mr. Hall's claim. (*Id.* at 2.) Among other things, Mr. Hall relied on opinions from his mental health therapist, Greg Arnold, to argue that he was disabled due to his mental impairments. (*See* Hall Op. Br. (Dkt. # 13) at 13-20.) Mr. Hall submitted to the ALJ Mr. Arnold's September 2010 and July 2011 opinions. (*Id.* at 13, 18.)

The ALJ denied Mr. Hall's claim for benefits on October 27, 2011. (R&R at 2.) The ALJ gave little weight to Mr. Arnold's September 2010 opinion, but purported to give significant weight to Mr. Arnold's July 2011 opinion. (*See id.* at 9.)

Mr. Hall appealed the ALJ's decision to the Appeals Council, and submitted a November 2011 letter from Mr. Arnold in which Mr. Arnold attempted to clarify his July 2011 opinion. (*See* AR (Dkt. # 10) at 1061.) Mr. Arnold stated that Mr. Hall's "bipolar disorder includes cycles of severe depression every two to three months that increase isolation severely and would cause [Mr. Hall] to miss multiple days of work." (*Id.*) Mr. Arnold's July 2011 opinion had stated merely that Mr. Hall had "depressive feelings" that "generally last between 3-5 days and during that time [Mr. Hall] will not answer the phone or door." (*Id.* at 1019.) The Appeals Council denied review of the ALJ's decision. (R&R at 2.)

Mr. Hall then appealed the denial of his disability benefits to this court. (Compl.

(Dkt. # 3).) Mr. Hall argued that the ALJ erred in assessing Mr. Arnold's July 2011 opinion.[1] (*See* Hall Op. Br. at 18-20.) In particular, Mr. Hall argued that the ALJ's residual functional capacity determination failed to account for Mr. Arnold's opinion, as clarified by the November 2011 letter, that Mr. Hall would likely miss multiple days of work every two to three months. (*Id.* at 19-20.)

Magistrate Judge John L. Weinberg issued a report and recommendation on June 10, 2014, affirming the ALJ's decision. (R&R at 14.) Magistrate Judge Weinberg held that the ALJ's decision adequately addressed Mr. Arnold's July 2011 opinion, and that Mr. Arnold's November 2011 letter was consistent with the ALJ's interpretation of the July 2011 opinion: "Mr. Arnold's opinion regarding missing work several days every few months during a depressive cycle is consistent with the vocational expert's testimony that this amount of absence [once a month] is acceptable to employers." (*Id.* at 11.)

The court adopted Magistrate Judge Weinberg's report and recommendation and affirmed the ALJ's decision. (Order Adopting R&R (Dkt. # 20).) The court held that the ALJ properly weighed the evidence when evaluating Mr. Arnold's 2011 opinions, and that the ALJ supported his findings with sufficient reasons. (*Id.* at 6-7.)

On December 15, 2017, the Ninth Circuit Court of Appeals issued an unpublished memorandum reversing the court's decision and remanding the case to the ALJ for further proceedings. (9th Cir. Mem. at 6.) The Ninth Circuit agreed with the court on all

---

[1] The court does not address the other errors Mr. Hall claimed because the Ninth Circuit affirmed the ALJ's decision on every issue except treatment of Mr. Arnold's 2011 opinion. (*See* 9th Cir. Mem. at 2-6.)

but one issue: evaluation of Mr. Arnold's July 2011 opinion.  (*Id.* at 2.)  The Ninth

Circuit interpreted Mr. Arnold's November 2011 letter to mean that Mr. Hall "would

miss more than one day of work per month."  (*Id.* at 5.)  Accordingly, the November

2011 letter "deprive[d] the ALJ's decision denying benefits of substantial evidence,"

because the vocational expert on whose testimony the ALJ relied testified that employers

would not tolerate more than one absence per month.  (*Id.*)  The Ninth Circuit remanded

for further proceedings because "[i]t is not clear from the administrative record that the

ALJ would be required to award benefits if the medical evidence were reevaluated with

Mr. Arnold's November 2011 addendum to his July 2011 opinion."  (*Id.* at 6.)

Pursuant to the Ninth Circuit's decision, this court issued an order remanding the

matter to the ALJ on March 22, 2018.  (Order Remanding to ALJ (Dkt. # 28).)

### III.  DISCUSSION

The court has discretion to grant or deny a request for attorneys' fees and costs

pursuant to the EAJA.  *Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988).  Under the

EAJA,

> a court shall award to a prevailing party . . . fees and other expenses, in
> addition to any costs awarded pursuant to subsection (a), incurred by that
> party in any civil action . . . , including proceedings for judicial review of
> agency action, brought by or against the United States in any court having
> jurisdiction of that action, unless the court finds that the position of the
> United States was substantially justified or that special circumstances make
> an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "[F]ees and other expenses" include "reasonable attorney

fees" based on prevailing market rates, capped at $125.00 per hour "unless the court

determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit publishes the statutory maximum rates under the EAJA, adjusted for increases in cost of living.

The Commissioner does not dispute that Mr. Hall is a prevailing party under EAJA. The primary issues on the present motion are thus (1) whether the Commissioner's position was substantially justified such that Mr. Hall should not recover his attorneys' fees and expenses; and (2) the amount of attorneys' fees, expenses, and costs to which Mr. Hall is entitled, if any.

**A.      The Commissioner's Position Was Not Substantially Justified**

The Commissioner bears the burden of proving that her position was substantially justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citing *Meier v. Colvin*, 727 F.3d 867, 869-70 (9th Cir. 2013)). To meet her burden, the Commissioner must demonstrate that her position had a reasonable basis in both law and fact at each stage of the proceedings. *Tobeler*, 749 F.3d at 832. This includes "'both the government's litigation position and the underlying agency action giving rise to the civil action.'" *Id.* (quoting *Meier*, 727 F.3d at 870). A holding that the agency decision is unsupported by substantial evidence is a "strong indication" that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005).

The Commissioner has not met her burden. Although the Commissioner prevailed on a number of issues, the Ninth Circuit ultimately found that the case should be reversed, noting the factual similarities with its prior decision in *Brewes v. Commissioner*

*of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012). (9th Cir. Mem. at 2, 6.)

In *Brewes*, as here, the ALJ relied on testimony from a vocational expert to reach his disability determination. *Id.* at 1163. Among other things, however, the vocational expert testified that a person with the claimant's characteristics who missed two or more days of work would be unemployable. *Id.* After the ALJ denied benefits, the claimant presented a joint letter to the Appeals Council from her treating psychologist and treating nurse practitioner stating that the claimant was likely to miss multiple days of work a month due to her impairments. *Id.* at 1163. In light of this joint letter, which was not contradicted in the record, the Ninth Circuit held that the decision to deny the claimant benefits was not supported by substantial evidence in the record, and thus reversed. *Id.* at 1164-65.

Given the similarities between this case and *Brewes*, the court is unable to say that the Commissioner's decision was substantially justified. *See Gardner v. Berryhill*, 856 F.3d 652, 657-58 (9th Cir. 2017). "[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F.3d at 874 (quoting *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1085 (9th Cir. 2002)). This is not such an unusual case, and, thus, Mr. Hall is entitled to his attorneys' fees and expenses pursuant to the EAJA.

**B.      Mr. Hall Is Entitled to His Reasonable Attorneys' Fees and Costs**

The court's next task is to assess whether the fees Mr. Hall seeks are reasonable.

*See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Mr. Hall requests $8,866.23 in attorneys' fees and $122.06 in expenses. (Itemization (Dkt. # 29-3) at 3.) Mr. Hall's attorneys' fee request is based on 44.9 attorney hours of work multiplied by the applicable yearly EAJA rates, 4.3 hours of paralegal time multiplied by an hourly rate of $80.00, and 0.8 clerical hours multiplied by an hourly rate of $50.00. (*Id.*) His expenses are based on fax and postage charges. (*Id.*) The Commissioner does not challenge Mr. Hall's expense claims.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The parties do not dispute that the hourly rates applied are reasonable. The issue is thus whether the hours expended are reasonable. As the party seeking fees, Mr. Hall bears the burden of justifying those hours. *See Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986)).

The Supreme Court has set out a two-step process for analyzing reasonableness. *Hensley*, 461 U.S. at 434. First, the court must determine whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* Claims are unrelated if they are distinctly "different both legally and factually." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (internal quotation marks and emphasis omitted). "[C]laims are related, however, if they 'involve a common core of facts or are based on related legal theories.'" *Id.* (quoting *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th

Cir. 2003)).

Although Mr. Hall raised a number of specific errors, his claims were all based on the "single legal determination of whether [Mr. Hall] was disabled for purposes of" his social security disability benefits application. *Blair v. Colvin*, 619 F. App'x 583, 585 (9th Cir. 2015). The court cannot say that Mr. Hall's arguments were so distinct factually and legally as to be unrelated. Thus, no reduction in fees is warranted on this basis.

At the second step of the reasonableness analysis, the court determines whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. Here, Mr. Hall obtained a reversal on an issue that may well be dispositive. His attorneys spent less than $9,000.00 in fees despite pursuing this matter before three arbiters: a magistrate judge, a district court judge, and a Ninth Circuit panel. A number of Mr. Hall's claimed errors were rejected, but he obtained the relief he sought—remand—and thus no reduction in fees is warranted on this basis.

**C.   Mr. Hall Is Entitled to Recover Some of His Claimed Costs**

Mr. Hall also seeks $919.68 in costs.[2] (Reply (Dkt. # 31) at 7.) Recoverable costs include fees for printing and copying at a rate not to exceed 10 cents per page. 28 U.S.C. § 1920; 9th Cir. R. 39-1.

Mr. Hall failed to submit a detailed itemization of costs with his opening brief, and

---

[2] Mr. Hall originally sought costs in the amount of $1,520.17. (*See* Mot. at 2.) On reply, Mr. Hall adjusted this amount down to $919.68 based on a corrected rate for copies per page. (Reply at 7.)

submitted only an invoice from a printing service on reply. The court has nonetheless

reviewed the invoice submitted and determined that Mr. Hall is entitled to costs in the

amount of $570.60. The excerpts of record accounted for 5,300 pages (five copies of

1,060 pages each). (Attach. to Reply (Dkt. # 31-2) at 1.) The opening brief accounted

for 406 pages (seven copies of 58 pages each). (*Id.* at 2.) Mr. Hall thus produced a total

of 5,706 pages. At $0.10 per page, Mr. Hall is entitled to recover $570.60.

Mr. Hall included in his cost request an additional $335.68 for "binding." (*See*

Reply on Mot. for Att'y Fees at 7.) He points to no authority, however, that would allow

for this additional recovery, and thus the court excludes this amount from its award.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Hall's motion, with an

adjustment to the costs portion of the award. Mr. Hall is awarded attorneys' fees in the

amount of $8,866.23 and expenses of $122.06 under 28 U.S.C. § 2412(d). Mr. Hall is

awarded costs of $570.60 pursuant to 28 U.S.C. § 1920. Subject to any offset allowed

under the Treasury Offset Program, payment of this award shall be made via check sent

to Attorney Victoria B. Chhagan's address: Douglas, Drachler, McKee & Gilbrough,

1904 Third Avenue, Seattle, WA 98101. If the EAJA fees, expenses, and costs are not

subject to any offset, they will be paid directly to the order of Victoria B. Chhagan.

DATED this 10th day of May, 2018.

JAMES L. ROBART
United States District Judge